**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **MARK ANTHONY AGARD, #05044456,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **3:06-CV-1129-G** |
| | ) | **ECF** |
| **JUDGE BAREFOOT SANDERS, et al.,** | ) | |
| Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights action brought by a pre-trial detainee pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently incarcerated at the Dallas County Jail in Dallas, Texas. Defendants are District Judge Barefoot Sanders and Police Officers Daniel W. Green and Joseph D. Bowling. The Court did not issue process in this case, pending preliminary screening.

Statement of Case: On November 30, 2005, Plaintiff was indicted in a three-count indictment -- felon in possession of a firearm, possession of marijuana with intent to distribute, and possession of a firearm in furtherance of a drug trafficking crime -- in United States v. Mark Anthony Agard, 3:05cr308-H (N.D. Tex., Dallas Div.). The case was randomly assigned to Judge Sanders. On March 29, 2006, Judge Sanders held an evidentiary hearing on Plaintiff's

motion to suppress, at which Officers Green and Bowling testified about the reason for the traffic stop. Finding the testimony of the police officers to be credible, Judge Sanders concluded the traffic stop was legal, and denied Plaintiff's motion to suppress the evidence seized following the traffic stop and ensuing arrest. Id. Plaintiff thereafter entered a conditional guilty plea to Counts two and three of the indictment, reserving his right to appeal the District Court's adverse ruling on his motion to suppress. See Plea Agreement at ¶ 10. Plaintiff is presently awaiting sentencing in his federal criminal case on July 27, 2006.

In this action, Plaintiff seeks to sue Judge Sanders for denying his motion to suppress. He also seeks to sue the arresting police officers for lying under oath and providing false information at the suppression hearing. In addition to the above claims, he alleges that Officer Green changed the police report and that Officer Bowling contradicted his partner's statements at the suppression hearing. Plaintiff requests the dismissal of his federal criminal case in light of the bogus traffic stop. In the alternative, he requests the reassignment of his criminal case to another judge along with a new suppression hearing.[1]

Findings and Conclusions: The Court permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or

---

[1] In the narrative attached to the form complaint, Plaintiff alleges in passing that "[t]he only reason I can see that made them stop me is because I'm black, and I was driving a Lexus LS400. This truly is a case of racial profiling." (Complaint at p. 2 of "Narrative"). Such a fleeting reference to racial profiling is insufficient to raise a claim under the Equal Protection Clause of the Fourteenth Amendment. Marshall v. Columbia Lea Regional Hosp., 345 F.3d 1157, 1166-1171 (10th Cir. 2003).

> officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added).  See also 28 U.S.C. § 1915(e)(2)(B).

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted."  A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).  A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed. 2d 80 (1957).

Plaintiff's request for recusal is not cognizable as an independent claim in this civil rights action.  No basis exists in a civil case for recusing the presiding judge in a pending criminal case.  This issue should be raised in the first instance in a motion for recusal in the pending criminal action.

Insofar as Plaintiff requests reconsideration of the denial of his motion to suppress, the issue should be raised through counsel in the pending criminal action and, if unsuccessful, on direct appeal as provided in the Plea Agreement at p. 5, "Waiver of right to appeal or otherwise challenge sentence."

In the alternative, it is self evident that the doctrine of Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), would bar such an issue.  Under Heck, the court must dismiss a complaint brought pursuant to 42 U.S.C. § 1983, when the civil rights action, if

successful, would necessarily imply the invalidity of a plaintiff's conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. Id. at 486-87, 114 S.Ct. at 2372. Heck also applies pre-conviction to bar "claims which, if successful, would necessarily imply the invalidity of a potential conviction on a pending criminal charge." Snodderly v. R.U.F.F. Drug Enforcement Task Force, 239 F.3d 892, 898 n. 8 (7th Cir. 2001); see also Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir.1996) (noting in passing that Heck prevents the accrual of § 1983 claims that would necessarily imply the invalidity of convictions on pending criminal charges); Escamilla v. Dallas Police Dep't, 2001 WL 1338302, *2 (N.D. Tex., Dallas Div. Oct. 18, 2001) (No. 3:01cv1159-G) (adopting findings and recommendation of magistrate judge); but see Clay v. Allen, 242 F.3d 679, 681 (5th Cir. 2001) (stating that where a conviction is reversed, a pending retrial does not necessarily bar § 1983 claims under Heck ).[2]

The main focus of Plaintiff's complaint is the denial of his motion to suppress. He alleges the officers testified falsely at the suppression hearing and changed the police report with respect to the purported traffic violation.

In Hudson v. Hughes, 98 F.3d 868, 872 (5th Cir. 1996), the Fifth Circuit held that a plaintiff's false arrest claim was barred by Heck. In so holding, the Circuit stated as follows:

---

[2] All circuits that have addressed this issue have concluded that Heck applies to pre-conviction as well as post-conviction cases. See Smith v. Holtz, 87 F.3d 108, 113 (3rd Cir. 1996); Harvey v. Waldron, 210 F.3d 1008, 1014 (9th Cir. 2000); Shamaeizadeh v. Cunigan, 182 F.3d 391, 397 (6th Cir. 1999); Covington v. City of New York, 171 F.3d 117, 124 (2nd Cir. 1999).

> If proved Hudson's false arrest claim necessarily would call into question his conviction as a felon in possession of a firearm. Specifically, if the arresting officers lacked probable cause to arrest Hudson for burglary and the arrest is invalid, the firearm discovered in Hudson's possession as a result of the arrest would be subject to suppression under the Fourth Amendment as the "fruit" of an illegal arrest. See United States v. Wadley, 59 F.3d 510, 512 (5th Cir.1995). Moreover, it is improbable that doctrines such as independent source, inevitable discovery and harmless error would permit the introduction of the firearm as evidence in this case: the police discovered the firearm in Hudson's possession when he was knocked from his bike during the burglary arrest and we see no reason reflected in the record before us to believe that the police would have discovered the firearm had they not arrested Hudson for burglary. Thus, because a successful section 1983 action for false arrest on burglary charges necessarily would imply the invalidity of Hudson's conviction as a felon in possession of a firearm, *Heck* precludes this claim.

Id.; see also Queen v. Purser, 109 Fed. Appx. 659, *1-2 (5th Cir. 2004) (unpublished per curiam), cert. denied 544 U.S. 979 (2005) (former inmate's false arrest claim necessarily challenged whether evidence, which officer seized following an allegedly illegal stop, and which led to his subsequent conviction, supplied probable cause for his arrest; thus claim was not cognizable under § 1983, absent showing that conviction had been invalidated).

The same holds true in this case. If proved, Plaintiff's claim that the police officers testified falsely at the suppression hearing and changed the police report would call into question Judge Sanders' ruling denying the motion to suppress. If this Court were to conclude that the traffic stop was improper because the officer lied under oath, as Plaintiff alleges, the weapon and drugs subsequently discovered during the search incident to arrest would be subject to suppression. Therefore, Plaintiff's claim implicates the validity of Plaintiff's guilty plea, which was entered conditionally following the denial of his motion to suppress, and as such, is barred by Heck. See Harvey v. Waldron, 210 F.3d 1008, 1014 (9th Cir. 2000) ("[A] claim, that if successful would necessarily imply the invalidity of a conviction in a pending criminal

5

prosecution, does not accrue so long as the potential for a conviction in the pending criminal prosecution continues to exist.").

The District Court should dismiss Plaintiff's complaint without prejudice as frivolous to it being reasserted when the Heck conditions are met.  See Clarke v. Stadler, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (dismissing Heck barred claim without prejudice); Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996) (noting that a § 1983 claim which falls under the rule in Heck is legally frivolous); Williams v. Cleer,123 F. Appx. 591, *593 (5th Cir. 2005) (following Stadler and dismissing Heck barred claims without prejudice to refiling at such time as the conviction or imprisonment has been expunged, reversed or otherwise set aside).

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's request for recusal of the district judge in his criminal case, and for reconsideration of the denial of his motion to suppress be dismissed without prejudice to their assertion in his pending criminal case.

In the alternative, it is recommended that Plaintiff's claim challenging the denial of his motion to suppress be dismissed without prejudice as frivolous to it being reasserted if and when the conditions set out in Heck v. Humphrey are met.  See 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i).

A copy of this recommendation will be mailed to Plaintiff Mark Anthony Agard, #05044456, Dallas County Jail, Lew Sterrett, 500 Commerce Street, Dallas, Texas 75202, and to

Plaintiff's counsel in the pending criminal case, Carlton C. McLarty, Assistant Federal Public Defender, 525 Griffin Street, Suite 629, Dallas, Texas 75202.

Signed this 29th day of June, 2006.

*[signature: Wm. F. Sanderson, Jr.]*

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.